**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| INNOCENT OBI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 11 C 3980 |
| v. ) | |
| ) | Judge George W. Lindberg |
| P & B ALL-STAR CONSTRUCTION, INC., ) | |
| PAULETTE S. HOLLINGSWORTH, and ) | |
| LILIAN ALLEN, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are defendants P & B All-Star Construction, Inc. ("P & B") and Paulette S. Hollingsworth's motion to dismiss plaintiff's amended complaint, plaintiff Innocent Obi's motion for leave to file a second amended complaint, and plaintiff's motion to strike and moot defendants' motion to dismiss. For the reasons stated below, the motion to dismiss is granted, the motion for leave to file a second amended complaint is denied, and the motion to strike and moot the motion to dismiss is denied.

**I.    Background**

On April 8, 2011, plaintiff filed a *pro se* complaint against P & B and Hollingsworth in the Circuit Court of Cook County. P & B and Hollingsworth removed the action to this Court on June 10, 2011. Plaintiff subsequently filed a *pro se* amended complaint that added Lilian Allen as a defendant.

The amended complaint alleges that during the time relevant to this case, plaintiff had a right to possession of two units at 1407 East 71st Place, Chicago ("Units 1 and 2"). According to the amended complaint, "co-conspirator" Safeguard hired P & B to evict plaintiff from Unit 2,

and authorized P& B and Hollingsworth to "inspect, change locks, winterize, [and remove] all persons and properties on plaintiff property." Plaintiff alleges that on February 22, 2010, P & B and Hollingsworth entered Unit 2 without plaintiff's consent, changed the locks, and winterized the unit. Plaintiff further alleges that P & B and Hollingsworth caused water to leak from Unit 2 into Unit 1, which damaged plaintiff's property in Unit 1.

Plaintiff's amended complaint asserts the following claims against P & B and Hollingsworth relating to the damage he contends resulted to Unit 1: trespass to personal property and chattels, intentional infliction of emotional distress, punitive damages, fraud, civil rights violations, civil conspiracy, negligence, unfair and deceptive business practices, and lack of standing. P & B and Hollingsworth have moved to dismiss plaintiff's claims against them, pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court extended plaintiff's time to respond to the motion, at his request, to September 7, 2011; however, plaintiff did not file a response.

**II.     Analysis**

    **A.     Res Judicata**

P & B and Hollingsworth first argue that all of plaintiff's claims against them are barred by res judicata, based on the dismissal of his claims in a prior case, *Obi v. Chase Home Finance, LLC*, No. 10 C 3154 ("*Obi I*"). The Court may take judicial notice of the court records in *Obi I* for the purpose of determining what claims were brought in that case, and the disposition of those claims. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (stating that the court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion to dismiss into a motion for summary judgment); *Green v. Warden*, 699 F.2d 364, 369

(7th Cir. 1983) (the court may take judicial notice of other court proceedings that have "a direct relation to matters at issue").

In his amended complaint in *Obi I*, plaintiff alleged that the defendants in that case, Chase Home Finance, LLC; JPMC Specialty Mortgage LLC; and JP Morgan Chase Bank, issued a work authorization to another defendant, Safeguard Properties, Inc., to change the locks at Unit 2 at 1407 East 71st Place, board it up, winterize it, and evict plaintiff and his family from the property. The amended complaint alleged that on February 22, 2010, these defendants, "through their sub-contractor," entered the property without plaintiff's consent, changed the locks, boarded it up, and removed his property from the unit. It further alleged that plaintiff contacted the defendants "for repairs of the damaged items in his unit by them such as destroyed hard wood floors by water that came out of the boiler during the winterization carried out by Safeguard Properties Inc. sub-Contractor R&B allstars." Based on these allegations, plaintiff asserted claims of trespass, trespass to chattels, intentional infliction of emotional distress, conversion, punitive damages, fraud, civil rights violations, violation of the Fair Debt Collection Practices Act, and conspiracy against Chase Home Finance, JPMC Specialty Mortgage, JP Morgan Chase Bank, and Safeguard Properties.

*Obi I* was assigned to Judge Suzanne Conlon. On March 2, 2011, Judge Conlon dismissed *Obi I* with prejudice, on the basis that plaintiff had committed a fraud on the court by making material omissions and misrepresentations on his *in forma pauperis* application. Plaintiff filed an appeal, which remains pending.

Res judicata "prohibits parties 'from re-litigating issues that were or could have been raised in' a previous action in which there was final judgment on the merits." *Johnson v.*

3

*Cypress Hill*, 641 F.3d 867, 874 (7th Cir. 2011) (quoting *Highway J Citizens Group v. U.S. Dep't of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006)). Thus, a plaintiff must join his claims "based on the same, or nearly the same, factual allegations," and "a prior judgment can 'foreclos[e] litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit.'" *Id*. (citations omitted). The doctrine of res judicata applies where the following elements exist: (1) the same parties or their privies; (2) the same causes of action; and (3) a final judgment on the merits in the previous action. *Id.*

The Court notes that a res judicata argument ordinarily should be presented in a motion for judgment on the pleadings (or a motion for summary judgment), because res judicata is an affirmative defense. *See Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010). However, because plaintiff has not challenged defendants' argument on this basis, the amended complaint in this case refers to *Obi I*, and the Court has the information required to rule on defendants' res judicata argument, the Court will consider the argument at this juncture. *See Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008) (noting that it is appropriate for a court to consider a res judicata argument raised in a Rule 12(b)(6) motion to dismiss where the plaintiff has disclosed the affirmative defense in the complaint).

First, although P & B and Hollingsworth were not parties in *Obi I*, they are in privity with the defendants in that case. For the purposes of res judicata, "privity" is "a descriptive term for designating those with a sufficiently close identity of interests." *Tice v. Am. Airlines, Inc.*, 162 F.3d 966, 971 (7th Cir. 1998). P & B and Hollingsworth were acting as agents of the defendants in *Obi I* when they took the actions at issue here, and have a sufficiently close identity of interests with the interests of the *Obi I* defendants to warrant applying the doctrine of

4

res judicata here. *See Muhammad*, 547 F.3d at 878-880 (discussing preclusive effect of judgment in the *respondeat superior* setting).

In addition, both cases arose from the same core of operative facts. "[T]wo claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations." *Manicki v. Zeilmann*, 443 F.3d 922, 925 (7th Cir. 2006) (quoting *Herrmann v. Cencom Cable Assocs., Inc.*, 999 F.2d 223, 226 (7th Cir. 1993)). Like *Obi I*, this action arises from plaintiff's eviction from Unit 2 on February 22, 2010. Although plaintiff attempts to frame this action as distinct from *Obi I* by focusing on the damage done to Unit 1, he cannot avoid the operation of res judicata simply by changing his claim for relief. *See Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361, 1365 (7th Cir. 1988).

Finally, the Court agrees with defendants that Judge Conlon's dismissal of *Obi I* was a final judgment on the merits. The dismissal of an action based on a finding that the plaintiff filed a false *in forma pauperis* application is a final judgment on the merits, unless the dismissing judge expressly provided otherwise. *See Torain v. Ameritech Advanced Data Servs. of Ill., Inc.*, 319 Fed. Appx. 433, 434-35 (7th Cir. 2009). Res judicata precludes a plaintiff from refiling a case following such a dismissal. *See Torain v. AT&T Management Servs., LP*, 353 Fed. Appx. 37, 38 (7th Cir. 2009), *cert. denied*, 131 S. St. 468 (2010). Moreover, a judgment is final for res judicata purposes even if an appeal of that judgment is pending. *See Kurek v. Pleasure Driveway & Park Dist.*, 557 F.2d 580, 595 (7th Cir. 1977). Judge Conlon expressly dismissed *Obi I* with prejudice, which is a final judgment on the merits. Therefore, res judicata bars plaintiff's claims against P & B and Hollingsworth in this case. Their motion to dismiss is granted.

B.     **Plaintiff's Motion for Leave to File a Second Amended Complaint**

While P & B and Hollingsworth's motion to dismiss was pending, plaintiff filed a motion for leave to file a second amended complaint. Plaintiff's proposed amendments would not change this Court's ruling dismissing the claims against P & B and Hollingsworth, however. Accordingly, plaintiff's motion to file his second amended complaint is denied as futile. *See Arlin-Golf, LLC v. Village of Arlington Heights*, 631 F.3d 818, 823 (7th Cir. 2011) (explaining that the court may deny a motion to amend "if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss").

C.     **Remaining State Claims Against Lilian Allen**

Following the dismissal of the claims against P & B and Hollingsworth, the only claims remaining in this case are a claim of intentional infliction of emotional distress and a claim for punitive damages against Lilian Allen, whom plaintiff alleges owned Unit 2. It appears that Allen has not been served. Because the Court is dismissing plaintiff's federal claims, it declines to exercise supplemental jurisdiction over plaintiff's claims against Allen. *See* 28 U.S.C. § 1367(c); *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) (observing that "it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial"). The remainder of the case is remanded to the Circuit Court of Cook County.

**ORDERED:** Defendants P & B All-Star Construction, Inc. and Paulette S. Hollingsworth's motion to dismiss plaintiff's amended complaint [19] is granted. Plaintiff's claims against P & B All-Star Construction, Inc. and Paulette S. Hollingsworth are dismissed. Plaintiff's motion for leave of court to file second amended complaint *instanter* [28] is denied.

Plaintiff's motion to strike and moot defendants' motion to dismiss plaintiff's amended complaint [34] is denied. The remainder of the case is remanded to the Circuit Court of Cook County. No court appearance is required on September 28, 2011, October 5, 2011, or October 19, 2011. Case terminated.

ENTER:

_____
George W. Lindberg
Senior United States District Judge

DATED:  September 19, 2011